PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator of the Estate of Janis Freimanis, Deceased, Plaintiff,

v.

William P. ROGERS, Attorney General of the United States of America, as Successor to the Alien Property Custodian, Defendant.

United States District Court
S. D. New York.
Sept. 14, 1960.

Joseph T. Arenson, New York City, Milton W. Levy, New York City, of counsel, for plaintiff.

S. Hazard Gillespie, Jr., U. S. Atty., Southern District of New York, New York City, Myron J. Wiess, Asst. U. S. Atty., New York City, of counsel, for defendant.

DAWSON, District Judge.

This is a motion for an order pursuant to Rule 34 of the Rules of Civil Proce-

dure, 28 U.S.C.A., requiring defendant to produce and permit the plaintiff to inspect and copy or photograph certain documents. The documents are not itemized and are not referred to in the notice of motion but only in an affidavit in support thereof where they are described as "all reports of investigators commissioned by the defendant or by the Office of Alien Property or its predecessor, the Alien Property Custodian, as well as affidavits or transcripts of testimony, with respect to the matters embraced in the above recitation of facts upon which defendant relies in his claim that Alice Freimanis was 'an enemy' within the meaning of the Act."

Applications for discovery and inspection under Rule 34 may be made only by a party showing good cause therefor.

This motion does not itemize the documents to be examined, but seeks rather to have a general "roving commission" to go through all the records of the Office of Alien Property to find out what statements, affidavits, transcripts and other evidence it may have.

The plaintiff, by proper use of interrogatories, could have ascertained what documents defendant had on which he sought to rely; what affidavits he had, and who executed those affidavits; what transcripts of evidence he had and in what court proceedings such transcripts were taken. He then would have had some basis for his motion and would be able to refer to specific documents necessary for production and inspection. He has failed to do this. He is seeking rather to obtain the work product of the lawyers in the Office of Alien Property, which is a part of the office of the Attorney General. As the Supreme Court of the United States has said:

"When Rule 26 and the other discovery rules were adopted, this Court and the members of the bar in general certainly did not believe or contemplate that all the files and mental processes of lawyers were thereby opened to the free scrutiny of their adversaries." Hickman v. Taylor, 1947, 329 U.S. 495, at page 514, 67 S.Ct. 385, at page 395, 91 L.Ed. 451.

Upon a proper showing of due cause and a proper designation of documents, plaintiff may be able to discover and inspect certain documents so that the trial may proceed with "all the cards on the table." The present application is, however, so obviously an attempt by plaintiff's lawyer to avoid doing any work and to seek a free examination of his opponent's files without showing good cause therefor, that there is no basis for the motion.

The motion is denied. So ordered.